COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-226-CR

 

 

TERRY HORNER                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Terry Horner waived his right to a jury
trial, entered an open plea of guilty to criminal mischiefC$1,500
or more but less than $20,000[2]Cand
pleaded true to two enhancement paragraphs. 
Horner now appeals his conviction and twelve-year sentence.  We will affirm.








Horner=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, the appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 87 S.
Ct. 1396 (1967).  We gave Horner the
opportunity to file a pro se brief, and he has not filed one.  The State also has not filed a brief.

As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).  Because Horner
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Horner=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).








We have carefully reviewed the record and counsel=s brief.
 We agree with counsel that this appeal
is wholly frivolous and without merit; we find nothing in the record that might
arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  MEIER, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 28.03(b)(4)(A)
(Vernon 2007).